From John F. Budke, Franklin, Pa.

## Commonwealth v. Horawitz

*K. L. Shirk*, assistant district attorney, for Commonwealth.

*Jacquest H. Geisenberger* and *John A. Hoober*, for defendant.

SCHAEFFER, J., January 14, 1933.—The defendant is charged with a violation of section 815 of The Vehicle Code approved May 1, 1929, P. L. 905, relating to mirrors. The defendant is the owner of a Chevrolet truck, with an open stake body. On September 7, 1932, at 3:20 p. m., said truck was stopped for inspection by John O. Cross, a member of the State Highway Patrol, on the Lincoln Highway in East Lampeter Township. It was then and there operated by defendant and was unloaded. Patrolman Cross testified that the extended mirror on defendant's truck was so placed that there was not a clear view for a distance of 200 feet to the rear, and a view only to the side for about 50 feet. There is no express denial by defendant, but it is alleged that the truck with the same mirror on it was inspected and approved at an official inspection station of Pennsylvania 2 weeks before it was stopped as aforesaid. In answer to the question, "Did you notify the defendant, accordingly, that he would have five days within which to put the mirror into proper shape or to correct the mirror?", Patrolman Cross said, "I told him to correct it, certainly." Cross further testified that this happened on September 7, 1932, and that he signed the complaint or information on the following day, September 8, 1932,

before a justice of the peace. A summons to appear, dated September 9, 1932, was issued by the justice of the peace, with a copy of information attached, notifying defendant to appear voluntarily on September 21, 1932; otherwise, a warrant for his arrest would be served. Defendant admits receiving the summons or notice by registered mail on September 12, 1932. Defendant waived a hearing and gave bail for court. A hearing was held in court and defendant moved that the charge against defendant be dismissed because (1) the truck and mirror in question had been approved by an official inspection station, and therefore the State Highway Patrol had no power to prosecute for the mirror so approved; and (2) due notice was not given to defendant that, unless he had the mirror corrected and submitted to the peace officer within 5 days a certificate of an official inspection station indicating that the necessary correction or adjustment had been made, information for arrest of the owner would follow.

Section 815 of The Vehicle Code approved May 1, 1929, P. L. 905, provides:

"No person shall operate a motor vehicle on a highway, which motor vehicle is so constructed or loaded as to prevent the operator from obtaining a view of the highway to the rear by looking backward from the operator's position, unless such vehicle is equipped with a mirror, so located as to reflect to the operator a view of the highway for a distance of at least two hundred (200) feet to the rear of such vehicle."

Said Act of 1929, designating official brake-adjusting stations, as amended by the Act of June 22, 1931, P. L. 751, section 813, provides, inter alia:

"The secretary is authorized to designate, furnish instructions to, and to supervise official inspection stations for corrections, adjustments, repairs, and inspection of motor vehicles, trailers and semi-trailers for the proper and safe performance of steering mechanism, brakes, lighting equipment, horns and warning devices, mirrors, windshield wipers, and such other conditions to assure that such vehicles are in conformity with this act."

Section 813(h) of said Act of 1931 provides:

"Any peace officer, who shall be in uniform and shall exhibit his badge or other sign of authority, may stop any motor vehicle, trailer or semi-trailer, and require the owner or operator to demonstrate that such vehicles conform with the provisions of this act. If such demonstration discloses the necessity for corrections, adjustments, or repairs to such vehicle, the owner shall be notified that, unless a certificate, issued or executed by a representative of an official inspection station, is submitted within five (5) days to the peace officer, indicating that the necessary corrections, adjustments, or repairs have been made, information for the arrest of the owner or operator will be made for the specific violation or violations of this act noted at the time of notification: Provided, That when service and emergency brakes, applied simultaneously, will not stop a motor vehicle, trailer or semi-trailer within distance defined in this act, or hold a motor vehicle, trailer or semi-trailer on a descending grade not exceeding ten (10) per centum, or when the lighting equipment is glaring or insufficient or not in operation as defined and required in this act, the owner or operator may be required to correct the faulty condition before being permitted to proceed with the vehicle, and may be prosecuted for the specific violation of this act."

Said Act of 1929 defines a peace officer as "a sheriff, deputy sheriff, constable, member of the Pennsylvania State Police, State Highway Patrolman, or other police officer, vested with authority of arrest."

Relative to the first proposition, an inspection and approval by an official inspection station of a motor vehicle does not necessarily give immunity for a

subsequent violation of The Vehicle Code for defective mechanism, brakes, lighting equipment, mirrors, and other conditions covered by the act.

The second question raised appears to be controlling in this case. The evidence is not clear or convincing that defendant received the proper notice to furnish a certificate issued by a representative of an official inspection station within 5 days to said peace officer, showing that the necessary corrections or adjustments have been made, before the information for the arrest of the owner was made by the officer. This is required by said Act of 1931, and failure to comply therewith precludes prosecution for the specific violation of the act in question.

The Commonwealth contends that because this prosecution is under section 815 of The Vehicle Code of 1929, and because said section 815 was not expressly amended by the latter Act of 1931, the provisions of section 813 of the Act of 1931 do not govern this case. While there is a presumption against repeals of statutes by implication, it is not always controlling. It is a question of legislative intent: Jackson v. Pennsylvania Railroad Company, 228 Pa. 566.

However, in the instant case the two provisions of the Acts of 1929 and 1931 referred to can stand together and are not inconsistent. The Act of 1931 supplies an additional provision or prerequisite to be complied with before legal proceedings can be instituted for violation of the specific sections herein discussed.

The motion to quash this proceeding against defendant is therefore sustained; the County of Lancatser to pay the costs.

From George Ross Eshleman, Lancaster, Pa.